# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH ORLANDO HOOD,<br><br>Defendant. | CRIMINAL CASE NO.<br><br>1:17-CR-421-SCJ |

## ORDER

This matter appears before the Court on the Final Report and Recommendation ("R&R," Doc. No. [50]) in which the Honorable Linda T. Walker, United States Magistrate Judge, recommended that Defendant's Motion to Suppress Evidence (Doc. No. [16]), Motion to Suppress In-Court Identification (Doc. No. [18]), and Perfected Motion to Suppress Evidence (Doc. No. [23]) be denied.

The facts and procedural history are found in the R&R and are incorporated by reference. Doc. No. [50].

The Defendant filed objections to the R&R on November 7, 2018. Doc. No. [53].

When objections are filed in the context of a dispositive motion, the Court must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." Id. Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

The Court held a hearing on January 4, 2019. The Court has also carefully reviewed the transcript of the hearing before the Magistrate Judge (Doc. No. [43]), exhibits, as well as the briefing.[1]

The Court will address each of Defendant's objections in turn.

**Objection 1**

Defendant objects "the Magistrate Judge's ruling that [his] clothing was properly seized under the plain view doctrine." Doc. No. [53], p. 1 (citing R&R, p. 11)). Defendant asserts that the magistrate's analysis is contradictory, "as the

---

[1] See United States v. Elsoffer, 644 F.2d 357, 358 (5th Cir. 1981) (per curiam) (holding that the district judge must also "read the transcript of the hearing before a magistrate on a motion to suppress, before adopting the magistrate's recommendation.").

2

court acknowledged that Sergeant Harris testified that he initially perceived Mr. Hood to be a victim." Doc. No. [53], p. 2. Defendant states: "assuming as Officer Harris testified that he initially thought Mr. Hood was a victim, there was no probable cause to believe that his clothing was evidence of a crime," so as to fall within the purview of the plain view doctrine. Id.

The plain view doctrine is as follows: police may seize evidence that is in plain view despite not having a search warrant if two elements are satisfied: (1) lawful access to the object seized, and, (2) the incriminating nature of the object seized is immediately apparent. See Horton v. California, 496 U.S. 128, 136–37 (1990) and United States v. Hromada, 49 F.3d 685, 690, n.11 (11th Cir. 1995)).

"[T]he phrase 'immediately apparent' does not imply "that an unduly high degree of certainty as to the incriminatory character of evidence is necessary for an application of the 'plain view' doctrine.' The police are required only to have probable cause to believe that the object they are viewing is contraband or evidence of a crime." United States v. Rodriguez-Alejandro, 664 F. Supp. 2d 1320, 1346 (N.D. Ga. 2009) (citations omitted).

After *de novo* review, the Court adopts the R&R as correct in law and in fact. The magistrate's analysis is not contradictory, as the magistrate correctly

3

found that under both scenarios (i.e., whether Defendant was a victim or a suspect), there was probable cause to believe that the clothing that the Defendant was wearing could be evidence of a crime (as possibly containing trace evidence, blood, and a bullet hole). Doc. No. [50], p. 16. In essence, the removed clothing of both a shooting victim and a robbery suspect (with a gunshot wound) are available factual scenarios that "would warrant a man of reasonable caution in the belief that" the clothing is evidence of a crime, useful to solve the investigation of who shot the victim or useful to the investigation of the robbery. United States v. Folk, 754 F.3d 905, 912 (11th Cir. 2014); see also Thompson v. Louisiana, 469 U.S. 17, 22 (1984) ("Petitioner's attempt to get medical assistance does not evidence a diminished expectation of privacy on her part. To be sure, this action would have justified the authorities in seizing evidence under the plain-view doctrine while they were in petitioner's house to offer her assistance."); United States v. Pugh, No. CR417-051, 2017 WL 6270151, at *2 (S.D. Ga. Oct. 19, 2017), *report and recommendation adopted*, No. CR417-051, 2017 WL 6210510 (S.D. Ga. Dec. 8, 2017) ("Here, it is undisputed that [the officer] was lawfully in the emergency room responding to [defendant], a potential suspect or victim, with a gunshot wound to the chest. And his bloody clothing had clear

4

evidentiary value to the investigation of the reported gun battle mere minutes before [defendant] careened into the emergency room parking lot. [Defendant's] clothing was properly seized pursuant to the plain view doctrine; his consent was not needed."); and <u>United States v. Williams</u>, No. 14-CR-20419, 2015 WL 730098, at *8, n.5 (E.D. Mich. Feb. 19, 2015) ("To be sure, a person does not entirely forfeit his expectation of privacy in his dwelling by summoning emergency aid or calling 911, and the police may not justify a broad warrantless search of a residence on the ground that the occupant sought emergency aid. But by summoning emergency aid, a person authorizes police to observe and seize items in plain view.") (citations omitted).

**Objection 2**

Defendant also objects to the magistrate's ruling that "he does not have standing to challenge the search of the Acura vehicle recovered at Raymok Bar and Grill." Doc. No. [53], p. 4. Defendant states: "The fact that a car may be registered to someone else is not dispositive of the standing issue. There is nothing in the record to suggest that Mr. Hood did not gain possession of the vehicle from someone with authority to grant it, especially when he had keys to the car and personal items contained within." <u>Id.</u>

5

After *de novo* review, the Court finds that the R&R is correct in law and in fact, as Defendant only presents argument and fails to present evidence to meet his burden of proof and persuasion as to standing. See United States v. Cooper, 133 F.3d 1394, 1398 (11th Cir. 1998) ("To have standing to challenge a search, one must manifest a subjective expectation of privacy in the invaded area that 'society is prepared to recognize as reasonable.' The individual challenging the search bears the burdens of proof and persuasion [as to standing].") (citations omitted). Specifically, Defendant failed to present any evidence (or point to anything already in the record) showing that he gained possession of the vehicle from someone with authority to grant it. The fact that Defendant's personal items were found in the car (along with keys) is not sufficient to demonstrate such, as Defendant must affirmatively show a connection to a person with authority to grant possession of the car. See United States v. Muhammad, 58 F.3d 353, 355 (8th Cir. 1995) (holding that defendant "needed to make some additional affirmative showing of consensual possession to satisfy the standing requirements.") and United States v. Sanchez, No. 08-40058-01-SAC, 2009 WL 3836398, at *4 (D. Kan. Nov. 16, 2009) ("Absent proof of the defendant's

connection to the lawful owner or a person with authority to grant possession, no standing exists.") (citations omitted).

**Objection 3**

In his third and final objection, Defendant "objects to the Magistrate Judge's ruling that the photo array was not unduly suggestive." Doc. No. [53], p. 4. Defendant states that "the characteristics and features of the six photos in the line up make it clear that the photo array was unduly suggestive and therefore unreliable." Id. at p. 5. As stated at the January 4, 2019 hearing, after *de novo* review, the Court concludes that the R&R is correct in law and fact—and is accepted and adopted by this Court.

## CONCLUSION

In conclusion, after *de novo* review, the Final Report and Recommendation (Doc. No. [50]) is **ADOPTED** as the Order of the Court.

Defendant's objections (Doc. No. [53]) are **OVERRULED**.

Defendant's Motion to Suppress Evidence (Doc. No. [16]), Motion to Suppress In-Court Identification (Doc. No. [18]), and Perfected Motion to Suppress Evidence (Doc. No. [23]) are **DENIED**.

7

IT IS SO ORDERED this 11th day of January, 2019.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE